**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| NICOLE BEARD and MONICA DURRETT, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | CASE NO._____ |
| Representative Plaintiffs, | ) ) | |
| | ) | **COLLECTIVE ACTION COMPLAINT** |
| vs. | ) | **FOR VIOLATIONS OF THE FAIR** |
| | ) | **LABOR STANDARDS ACT OF 1938** |
| REHAB AMERICA, INC., TRUADVANTAGE MISSOURI LLC, ANNETTE BAGWELL, ANNETTE MCCLARY, and JOHN DOES 1 – 5, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Come Representative Plaintiffs NICOLE BEARD and MONICA DURRETT ("Representative Plaintiffs"), on behalf of themselves and all others similarly situated ("Class Members"), and for their collective action complaint against Defendants REHAB AMERICA, INC., TRUADVANTAGE MISSOURI LLC, ANNETTE BAGWELL, ANNETTE MCCLARY, and JOHN DOES 1 – 5 ("Defendants") allege the following:

## I.   OVERVIEW

1.     The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals and purposes, Section 7(a) of the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne,* 323 U.S. 37, 39 (1944)(citing 29 U.S.C. §207(a)).

2. This is a collective action brought pursuant to the FLSA by Representative Plaintiffs Nicole Beard and Monica Durrett, on behalf of themselves and all similarly situated current and former non-exempt, hourly-paid Rehabilitation Managers and Assistant Rehabilitation Managers ("Class Members"), who worked at any of Defendants' skilled nursing and rehabilitation facilities from July 6, 2017, through the present (hereinafter referred to as the "Recovery Period"), and who: a) worked "off the clock;" and/or b) were not paid for all overtime hours worked in excess of 40 hours in a workweek.

3. Throughout their employment with Defendants, including the Recovery Period, Representative Plaintiffs and Class Members were paid an hourly rate of pay and were classified as non-exempt employees by Defendants, and regularly and routinely worked more than 40 hours in a typical workweek.

4. Throughout their employment with Defendants, including during the Recovery Period, Representative Plaintiffs and Class Members: a) worked "off the clock;" and/or b) were denied proper overtime compensation for all the hours they worked in excess of 40.

5. Throughout Representative Plaintiffs' and Class Members' employment, including during the Recovery Period, Defendants regularly and routinely violated the FLSA in a willful manner by failing to pay the Representative Plaintiffs and Class Members at time and one-half their regular rates of pay for all hours worked in excess of forty (40) hours within a workweek.

## II.    JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 & §1343.

2

7. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391 because a substantial portion of the events forming the basis of the suit occurred in this District.

### III. PARTIES

8. Representative Plaintiff Nicole Beard is a resident and citizen of Nashville, Tennessee. Her Consent Form to join this lawsuit is attached as Exhibit 1.

9. Throughout the Recovery Period, Nicole Beard worked as an occupational therapist and Rehabilitation Manager for Defendants in Nashville, Tennessee, and was paid an hourly rate of pay.

10. Representative Plaintiff Monica Durrett is a resident and citizen of Goodlettsville, Tennessee. Her Consent Form to join this lawsuit is attached as Exhibit 2.

11. Throughout the Recovery Period, Monica Durrett worked as a speech therapist and Assistant Rehabilitation Manager for Defendants in Nashville, Tennessee, and was paid an hourly rate of pay.

12. Defendant TruAdvantage Missouri, LLC ("TruAdvantage") is a Tennessee Limited Liability Company, with its principal place of business in Franklin, Tennessee. TruAdvantage's registered agent for service in Tennessee is Kevin Norwood, Suite 200, 201 Jordan Road, Franklin Tennessee 37067-4495.

13. Defendant Rehab America, Inc. ("Rehab America") is a Tennessee corporation, with its principal place of business in Franklin, Tennessee. According to its website, "Rehab America offers physical, speech and occupational therapies in partnership with skilled nursing facilities and other healthcare providers. Our therapists work as a team to understand each patient's goals and create a plan to restore abilities needed for daily living. This approach ensures patient access to

3

expert care across every discipline." Rehab America's registered agent for service in Tennessee is Kevin Norwood, Suite 200, 201 Jordan Road, Franklin Tennessee 37067-4495.

14.     Defendant Annette Bagwell worked as Defendants TruAdvantage's and Rehab America's Regional Rehabilitation Director during most of the Recovery Period, and can be personally served at Defendants principal place of business at Suite 200, 201 Jordan Road, Franklin Tennessee 37067-4495.

15.     Defendant Annette McClary worked as Vice President for Defendant TruAdvantage, and as CEO of Rehab America, during most of the Recovery Period, and can be personally served at 7625 Mint Leaf Drive, Nashville, Tennessee 37211.

16.     Defendants John Doe 1 – 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants TruAdvantage and Rehab America which resulted in Defendants failing to pay Representative Plaintiffs and all other Class Members proper overtime compensation pursuant to the FLSA.

17.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted within the course and scope of their employment with Defendants in committing the acts and conduct complained of herein.

## IV.     COVERAGE UNDER THE FLSA

18.     At all material times, Defendant TruAdvantage has been an employer and/or joint employer of Representative Plaintiffs and Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

19.     At all material times, Defendant Rehab America has been an employer and/or joint employer of Representative Plaintiffs and Class Members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

20.     At all material times, Defendant TruAdvantage has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

21.     At all material times, Defendant Rehab America has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

22.     At all material times, Defendant TruAdvantage has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000.  29 U.S.C. §203(s)(1).

23.     At all material times, Defendant Rehab America has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000.  29 U.S.C. §203(s)(1).

24.     At all times material to this action Defendant Bagwell was an employer and/or joint employer of the Representative Plaintiff, as defined by §203(d) of the FLSA, as well as an employer of all other similarly-situated Class Members over whom she exercised supervisory authority.

25.     At all times material to this action Defendant McClary was an employer and/or joint employer of the Representative Plaintiff, as defined by §203(d) of the FLSA, as well as an employer of all other similarly-situated Class Members.

26.     At all times material to this action Defendants John Doe 1 – John Doe 5 were employers and/or joint employers of the Representative Plaintiff, as defined by §203(d) of the FLSA, as well as employers of all other similarly-situated Class Members.

27.     At all material times, Representative Plaintiffs and Class Members have been employees within the meaning of §3(e)(1) of the FLSA. 29 U.S.C. §203(e)(1).

28.     At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant TruAdvantage, and to each of Defendant TruAdvantage's hourly-paid non-exempt Rehab Managers and Assistant Rehab Managers pursuant to 29 U.S.C. §206 and §207.

29.     At all material times, the overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendant Rehab America, and to each of Defendant Rehab America's hourly-paid non-exempt Rehab Managers and Assistant Rehab Managers pursuant to 29 U.S.C. §206 and §207.

## V.     FACTUAL BACKGROUND

30.     Defendant TruAdvantage operates and oversees all aspects of operations for approximately twenty-eight (28) skilled nursing and rehabilitation facilities located throughout Tennessee, and one (1) in Huntsville, Alabama, providing a full range of care for short-term patients and long-term residents.

31.     Defendant Rehab America operates as a division of Defendant TruAdvantage, and provides physical, occupational, and speech therapists in each of TruAdvantage's approximately twenty-nine (29) skilled nursing and rehabilitation facilities.

6

32.     Each of Defendants' twenty-nine (29) skilled nursing and rehabilitation facilities are staffed with occupational therapists, speech therapists, and physical therapists who provide therapy services to short-term patients and long-term residents.

33.     Each of Defendants' twenty-nine (29) skilled nursing and rehabilitation facilities are staffed with a Rehabilitation Manager and an Assistant Rehabilitation Manager who, in addition to their heavy administrative duties, carried a full patient caseload the same as other non-managerial therapists throughout the Recovery Period.

34.     Throughout the majority of the Recovery Period, Defendants established uniform productivity standards for all their occupational therapists, speech therapists, and physical therapists in each of their skilled nursing and rehabilitation facilities, which required that a minimum of seventy-five (75%) to eighty percent (80%) or more of the "on-the-clock" work hours logged by therapists be billable to Medicare or private health insurers.

35.     Because Defendants only billed Medicare and private insurers for the time therapists actually spent performing therapy work with patients, in order to meet Defendants' productivity standards therapists could only spend a relatively small percentage of their "on-the-clock" work hours on the non-clinical and/or administrative duties they were required to perform in addition to their clinical therapist duties.

36.     Throughout the Recovery Period, Rehabilitation Managers and/or Assistant Rehabilitation Managers were required to perform substantial administrative and other non-clinical duties which included, but were not limited to, performing patient evaluations and screenings; attending careplan meetings; attending morning and evening facility meetings; supervising and directing therapists; conduct/attend weekly rehab meetings with staff; conducting in-service

7

meetings for rehabilitation and facility staff; interviewing and hiring therapists; preparing daily schedules for therapists; finding substitutes for vacationing or call-out therapists; obtaining insurance authorizations for therapy treatments; confirming insurance benefits; performing home assessments; compiling EOM billing/spending/financial results; contact person for rehabilitation staff after hours and on weekends; facilitating continuing education for staff; ensuring staff licensure is current; ordering equipment and materials; working on billing and RUG scores; assisting therapists with computer problems; scanning documents into computer; scheduling swallow studies; consulting with families; communicating patient information to nurses; training of staff; cleaning of therapy room; and charting progress notes, evaluations, daily notes, discharges, and recertifications.

37.    The job duties performed by Representative Plaintiffs Nicole Beard and Monica Durrett as Rehabilitation Manager and Assistant Rehabilitation Manager, respectfully, were similar to those performed by other Class Members during their employment with Defendants during the Recovery Period.

38.    Throughout the Recovery Period Defendants had a "no recorded overtime" policy which discouraged the recording of overtime hours by its therapists, including Representative Plaintiffs and Class Members, but not the performance of "off-the-clock" overtime work, throughout the Recovery Period.

39.    Throughout the Recovery Period the Representative Plaintiffs and Class Members thirty (30) minute lunch break was regularly interrupted by work because of their heavy job responsibilities and pressure to meet Defendants' productivity standards.

8

40.     Throughout the Recovery Period the Defendants automatically deducted a thirty (30) minute lunch break from the Representative Plaintiffs' and Class Members' compensable hours of work whether or not their lunches were interrupted by work.

41.     Since the vast majority of Rehabilitation and Assistant Rehabilitation Managers' workdays were spent performing therapy work with patients, it was not possible to meet Defendants' productivity standards and goals within an eight (8) hour day, or forty (40) hour week, without performing a substantial amount of uncompensated, off-the-clock work to complete their voluminous administrative and other duties set forth in paragraph 36 above.

42.     The Representative Plaintiffs were regularly assigned many more than six (6) therapy patients in a single day, and were often required to spend fifty (50) minutes with each patient depending on the patient's condition.

43.     By way of example and to illustrate the extreme difficulty therapists encountered meeting Defendants' productivity standards, on a day when Representative Plaintiffs were assigned only six (6) patients and performed fifty (50) minutes of therapy with each, Representative Plaintiffs spent a total of 300 minutes in actual therapy sessions with their patients.  An eight (8) hour workday consists of four-hundred and eighty (480) minutes, and with a thirty (30) minute lunch break automatically deducted by Defendants, results in four-hundred and fifty (450) minutes of work.  However, this scenario results in only a 67% productivity rate (300 therapy minutes ÷ 450 work minutes), far below Defendants' required productivity standards.  With each additional patient beyond these six (6) patients Representative Plaintiffs had to perform a therapy session with, meeting Defendants' productivity standards became incrementally more difficult.

9

44.     Representative Plaintiffs' and Class Members' performance evaluations and job security depended, in large part, on whether they met Defendants' productivity standards.

45.     Defendants were well aware that Representative Plaintiffs and Class Members were performing substantial amounts of work off-the-clock in order to meet Defendants' unrealistic productivity standards.

46.     Defendants imposed the same performance standards on all therapists, including Representative Plaintiffs and Class Members, throughout their operating territory and in all of their skilled nursing and rehabilitation facilities throughout the Recovery Period.

47.     Defendants willfully and intentionally imposed unrealistically high productivity standards on Representative Plaintiffs and Class Members knowing that they would be forced to work off-the-clock to meet those unreasonable productivity standards in order to increase Defendants bottom-line profits and/or compensation.

48.     Representative Plaintiff Nicole Beard worked for Defendants TruAdvantage and/or Rehab America (and/or one of their predecessor companies) from 1998 until September of 2019. Throughout the Recovery Period, Representative Plaintiff Nicole Beard was a Rehabilitation Manager who primarily worked at Defendants' Cumberland Manor facility in Nashville, Tennessee, although she sometimes also worked at Defendants' Mt. Juliet and Murfreesboro facilities.

49.     On numerous occasions throughout the Recovery Period Representative Plaintiff Nicole Beard was assigned as many as ten (10) to thirteen (13) therapy patients which Defendants required her to finish treating within an eight (8) hour day, and in addition was required to perform all of the administrative and non-clinical duties set forth in paragraph 36 above while still meeting Defendants' productivity standards.  She also routinely worked weekends, and performed work

10

when she got home in the evenings such as exchanging texts and having telephone conversations with her supervisor, Defendant Annette Bagwell, as well as with other therapists regarding work matters.

50.     Throughout the Recovery Period Representative Plaintiff Nicole Beard typically worked ten (10) to fifteen (15) hours a week "off-the-clock" or more in order to complete all her tasks and duties and meet Defendants' unrealistic productivity standards.

51.     Representative Plaintiff Monica Durrett worked for Defendants TruAdvantage and/or Rehab America (and/or one of their predecessor companies) from 2003 until January of 2020. Throughout the Recovery Period, Representative Plaintiff Monica Durrett was an Assistant Rehabilitation Manager who primarily worked at Defendants' Cumberland Manor facility in Nashville, Tennessee, although she also worked at Defendants' Mt. Juliet facility.

52.     On numerous occasions throughout the Recovery Period Representative Plaintiff Monica Durrett was assigned as many as ten (10) to thirteen (13) therapy patients which Defendants required her to treat within an eight (8) hour day, and in addition was required to perform many of the administrative and non-clinical duties set forth in paragraph 36 above while still meeting Defendants' productivity standards.

53.     Throughout the Recovery Period Representative Plaintiff Monica Durrett typically worked six (6) or more hours a week "off-the-clock" in order to perform all her tasks and duties and meet Defendants' unrealistic productivity standards.

54.     The experiences of Representative Plaintiffs Nicole Beard and Monica Durrett are similar to, and typical of, the experiences of Class Members who also worked significant amounts of

11

unpaid overtime hours "off-the-clock" in order to meet Defendants' unrealistic productivity standards.

55.     Throughout most of the Recovery Period, Defendant Bagwell worked as Defendants Truadvantage's and Rehab America's Regional Rehabilitation Director over the Middle Tennessee Region.

56.     In her position as Regional Rehabilitation Director, Defendant Bagwell directly supervised physical, occupational, and speech therapists, including Representative Plaintiffs and most of the Class Members.

57.     Throughout the Recovery Period Defendant Bagwell directed, aided, abetted, and/or assisted with implementing, executing and enforcing the policies and practices of Defendants TruAdvantage and Rehab America which resulted in Defendants failing to pay Representative Plaintiffs and all other Class Members proper overtime compensation pursuant to the FLSA.

58.     In particular, Defendant Bagwell directed and controlled the work of the Representative Plaintiffs and the Class Members over whom she had supervisory authority on a daily basis, including enforcement of Defendants' "no-recorded-overtime" policy and Defendants' unrealistic productivity standards, and also monitored compliance with those policies.

59.     Accordingly, Defendant Bagwell acted "directly or indirectly in the interest of an employer in relation to" the Representative Plaintiff and Class Members over whom she exercised supervisory authority within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

12

60.     Throughout most of the Recovery Period, Defendant McClary worked as Vice President for Defendant TruAdvantage, and as CEO of Rehab America.

61.     While she served as Vice President and CEO of Defendants TruAdvantage and Rehab America, respectively, Defendant McClary directed, aided, abetted, and/or assisted with implementing, executing and enforcing the policies and practices of Defendants TruAdvantage and Rehab America which resulted in Defendants failing to pay Representative Plaintiffs and all other Class Members proper overtime compensation pursuant to the FLSA.

62.     In particular, Defendant McClary had responsibility for establishing, implementing, executing and enforcing Defendants' "no-recorded-overtime" policy, as-well-as Defendants' unrealistic productivity standards, which combined to force Representative Plaintiffs and Class Members to work a significant amount of uncompensated overtime hours "off-the-clock."

63.     Accordingly, Defendant McClary acted "directly or indirectly in the interest of an employer in relation to" the Representative Plaintiff and Class Members over whom she exercised supervisory authority within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

64.     Throughout the Recovery Period Defendants McClary and Bagwell were fully aware of the fact that Representative Plaintiffs and Class Members were forced to work off-the-clock in order to complete their work assignments while complying with Defendants' "no-recorded-overtime" and productivity policies.

65.     Throughout the Recovery Period, Defendants "suffered and permitted" Representative Plaintiffs and Class Members to perform work "off-the-clock" within the meaning of

13

29 C.F.R. §785.11: "Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift…The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."

66.     Upon information and belief, Defendants McClary's and Bagwell's compensation, including bonus eligibility, depended in part on the financial performance of the divisions and/or companies they ran or in which they worked, which in turn depended on how well they enforced Defendants' "no-recorded-overtime" and productivity policies.  As a result, Defendants McClary and Bagwell enthusiastically enforced those policies.

67.     Upon information and belief, Defendants John Doe 1 – 5, who are presently unknown persons but who are believed to work for, or who are or were affiliated with, Defendant TruAdvantage, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants TruAdvantage and Rehab America – or in directing and compelling others to do so – which resulted in Defendants failing to pay Representative Plaintiffs and all other Class Members proper overtime compensation pursuant to the FLSA.

68.     Accordingly, Defendants John Doe 1 – 5 acted "directly or indirectly in the interest of an employer in relation to" the Representative Plaintiff and Class Members over whom she exercised supervisory authority within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

69.     Throughout the Recovery period, Defendant TruAdvantage, and/or its predecessor companies, shared common officers, management and other employees; ownership; company

14

headquarters; and consolidated human resources, payroll, and other operations with Defendant Rehab America.

70.     TruAdvantage exercised operational control over key aspects of the business activities and operations of Rehab America and acted directly or indirectly in the interest of Rehab America in relation to Representative Plaintiffs and Class Members.

71.     Upon information and belief, Defendant TruAdvantage, acting through its owners, officers, and managers who, at the present time constitute one or more unknown John Does 1-5, was directly or indirectly responsible for the unreasonable productivity standards, "no-recorded overtime" policy, and "work-through-lunch" policy which substantially affected the conditions of employment of Representative Plaintiffs and Class Members, and which forced them to work substantial amounts of uncompensated overtime.

72.     Upon information and belief, TruAdvantage, its ownership, officers and managers benefited financially from the violations of the FLSA which Representative Plaintiffs and Class Members suffered, and thereby directed, encouraged, and approved of the uncompensated overtime Representative Plaintiffs and Class Members were forced to work.

73.     Accordingly, Defendant TruAdvantage acted "directly or indirectly in the interest of an employer in relation to" the Representative Plaintiff and similarly-situated Rehabilitation and Assistant Rehabilitation Managers within the meaning of §203(d) of the FLSA, and is thus jointly and severally liable with all other Defendants for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

15

74. Defendant TruAdvantage has had three different names during the Recovery Period. The entity now known as "TruAdvantage Missouri, LLC," was previously named "AmeriHealth, Inc.," and prior to that was named "American Health Partners Inc."

75. Defendant TruAdvantage has the same basic ownership; management structure; management staff; employees working at the same locations who provide the same services throughout Tennessee and in Huntsville, Alabama; operates out of the same principal office headquarters; shares a common business purpose with, and conducts the same type business operations, as did its predecessors, AmeriHealth, Inc., and American Health Partners Inc.

76. Defendant TruAdvantage is the bona fide successor to AmeriHealth, Inc., and American Health Partners Inc., and is thus liable for the FLSA violations committed by its predecessor entities, AmeriHealth, Inc., and American Health Partners Inc.

77. The foregoing conduct, as alleged, constitutes a willful violation of law because Defendants knew or showed reckless disregard for the fact that their compensation policies, practices and procedures violated the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

78. The Representative Plaintiffs reassert and re-allege the allegations set forth above.

79. The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

80. The Representative Plaintiffs bring this FLSA collective action on behalf of themselves and all other persons similarly situated pursuant to §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), which provides, in pertinent part, as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

81. The collective Class consists of all current and former non-exempt, hourly-paid Rehabilitation Managers and Assistant Rehabilitation Managers ("Class Members"), who worked at any of Defendants' skilled nursing and rehabilitation facilities during the Recovery Period, and who: a) worked "off the clock;" and/or b) were not paid for all overtime hours worked in excess of 40 hours in a workweek.

82. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Representative Plaintiffs or to Class Members.

83. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

84. The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of the hours worked by non-exempt employees.

85. Defendants failed to keep accurate records of the hours worked by Representative Plaintiffs and Class Members.

17

86.     Representative Plaintiffs and Class Members are victims of Defendants' widespread, repeated, systematic, illegal and uniform compensation policies, practices and/or procedures designed to evade the requirements of the FLSA.

87.     Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay employees overtime compensation.

88.     Defendants have/had uniform policies, practices and/or procedures which require(d) Representative Plaintiffs and Class Members, to work without compensation in violation of the FLSA.  Specifically, Defendants required Rehabilitation Managers and Assistant Rehabilitation Managers, including Representative Plaintiffs and Class Members, to work "off the clock."

89.     Pursuant to Defendants' uniform policies, practices and/or procedures, although Defendants regularly required Representative Plaintiffs and other Class Members to work more than 40 hours in a work week, the Representative Plaintiffs and other Class Members were not paid at the rate of at time and one-half their regular rates of pay for any hours they worked beyond 40 hours in a workweek.

90.     Defendants' conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255.

91.     Defendants are liable under the FLSA for failing to properly compensate Representative Plaintiffs and Class Members.

92.     Representative Plaintiffs are similarly situated to Class Members because throughout the Recovery Period they were each: 1) paid hourly; 2) classified as non-exempt; 3) subject to

18

Defendants productivity standards; 4) subject to Defendants' "no-recorded-overtime" policy; and 5) subject to Defendants' "work-through-lunch" policy.

93.     There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying Rehabilitation Managers and Assistant Rehabilitation Managers, including Representative Plaintiffs and Class Members, for all of their work hours, including overtime, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action.  These similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

94.     Representative Plaintiffs and Class Members are entitled to damages equal to pay for all overtime hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

95.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Representative Plaintiffs and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation as permitted by §16(b) of the FLSA.  29 U.S.C. §216(b).  Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe they were complying with the FLSA, Representative Plaintiffs and all similarly-situated Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

96.     As a result of the aforementioned violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from the Representative Plaintiffs and Class Members.  Accordingly, Defendants are liable to Representative Plaintiffs and Class Members for unpaid overtime compensation under §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VII.     PRAYER FOR RELIEF

97.     Wherefore, Representative Plaintiffs, on behalf of themselves and all other similarly situated Class Members, respectfully request that this Court grant the following relief:

a.     Designation of this action as a collective action on behalf of the Class Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents to join this lawsuit pursuant to 29 U.S.C. §216(b);

b.     An award of unpaid wages, including all overtime compensation due under the FLSA;

c.     An award of liquidated damages as a result of the Defendants' failure to exercise good faith in failing to pay lawful overtime compensation pursuant to 29 U.S.C. §216;

d.     An award of prejudgment and post-judgment interest;

e.     An award of costs and expenses of this action, together with reasonable attorneys' fees; and

f.     Such other and further relief as this Court deems just and proper.

20

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
Joshua Burgener, TN Bar #29077
424 Church Street, Suite 800
Nashville, TN 37219
Tel.:   615.244.6538
Fax:    844-670-6009
pklett@dickinsonwright.com
jburgener@dickinsonwright.com

HOWELL LAW, PLLC

/s/ Trevor Howell
Trevor Howell, TN Bar # 9496
P.O. Box 158511
Nashville, Tennessee 37216
Tel.:   615.406.1417
Trevor@howelllawfirmllc.com

*Attorneys for Representative Plaintiffs and Putative Collective Class*

4841-9771-7697 [93298-1]

21