# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NICOLE BEARD and MONICA DURRETT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | NO. 3:20-cv-00578 ) ) |
| REHAB AMERICA, INC., TRUADVANTAGE MISSOURI LLC, ANNETTE BAGWELL, ANNETTE MCCLARY, and JOHN DOES 1 – 5, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Conditional Certification and for the Issuance of Court-Supervised Notice. (Doc. No. 35.) Defendants do not oppose conditional certification or object to Plaintiffs' proposed method of distributing notice. (Doc. No. 38.) Rather, Defendants object to certain language in Plaintiffs' proposed Notice and Consent Form as coercive and one-sided. (Id.) Plaintiffs, in Reply, offer a "compromise" in which they accept some of Defendants' proposed changes, modify others, and reject the rest.[1] (Doc. No. 39.) As explained below, the Court finds Plaintiffs' proposal appropriate, and the Motion for Conditional Certification will be granted.

---

[1] Plaintiffs' counsel avers that he sent this offer to Defendants' counsel in an effort to confer, but he did not hear back within the short time between sending the email and filing the Reply. (Doc. No. 39-2 ¶¶ 2–3.)

**I.  Matters Not in Dispute**

   **A.  Conditional Certification**

As in the Amended Complaint (see Doc. No. 32 ¶¶ 2, 86), Plaintiffs seek to represent a class of "[a]ll current and former full-time occupational, physical, and speech therapists who worked uncompensated overtime for Defendants from July 6, 2017 through the present." (Doc. No. 35 at 1.) Defendants do not oppose conditional certification of this class. (Doc. No. 38 at 6.)

At this early stage, Plaintiffs face a "'fairly lenient standard [that] typically results in 'conditional certification' of a representative class.'" Hammond v. Floor & Decor Outlets of Am., Inc., No. 3:19-cv-01099, 2020 WL 6459641, at *6 (M.D. Tenn. Nov. 3, 2020) (quoting Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006)). Plaintiffs must make a "modest factual showing" that "the named plaintiffs are similarly situated to the proposed opt-in plaintiffs." Id. (quoting Comer, 454 F.3d at 547). Employees are similarly situated if (1) they "suffer from a single, FLSA-violating policy" or (2) their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Monroe v. FTS USA, LLC, 860 F.3d 389, 398 (6th Cir. 2017) (quoting O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016)). Plaintiffs may make this showing through "substantial allegations supported by declarations." Hammond, 2020 WL 6459641, at *7 (quoting White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 373 (E.D. Tenn. 2006)).

Here, as Plaintiffs argue (see Doc. No. 36 at 14–15), their allegations (Doc. No. 32) and declarations (Doc. Nos. 35-3, 35-4, 35-5) "satisfy the 'modest factual showing' required to establish that a putative collective of similarly situated employees exists, for purposes of the initial

2

stage of conditional certification." See id. at *14. The Court will therefore grant conditional certification of Plaintiffs' proposed class.

### B. Method of Distribution

Defendants also do not object to Plaintiffs' proposed method of distributing the Notice and Consent Form to potential class members—mail, email, and, for current employees, inclusion in their next paycheck. (See Doc. No. 35 at 2.) The Court finds this method of distribution to be reasonable. See Evans v. Caregivers, Inc., No. 3:17-cv-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017) (citations omitted) (noting that courts within the Sixth Circuit have approved these methods).

Given this method of distribution, the Court will also grant Plaintiffs' request to require Defendants to provide Plaintiffs' counsel with the names, last known mailing addresses, and email addresses for all potential class members. See id. The Court notes, however, that Plaintiffs' Motion requests that Defendants supply this information within 20 days (Doc. No. 35 at 2), while Plaintiffs' Reply requests that they do so within 10 days (Doc. No. 39 at 10). The Court finds that 14 days is appropriate in these circumstances. See Swigart v. Fifth Third Bank, 276 F.R.D. 210, 215 (S.D. Ohio 2011) (ordering defendant to supply potential class member information within 14 days); Thomas v. Papa John's Int'l, Inc., No. 1:17cv411, 2019 WL 4743637, at *6 (S.D. Ohio Sept. 29, 2019) (same).

### C. Agreed Changes to the Notice

The Court need not address each change proposed by Defendants and accepted by Plaintiffs, but it concurs that the agreed 45-day notice period is reasonable in this case. See Smith v. Maco Mgmt. Co., Inc., No. 2:18-cv-00082, 2019 WL 1437927, at *7 (M.D. Tenn. Apr. 1, 2019) (approving 45-day notice period).

**II.     Disputed Language in the Notice and Consent Form**

The Court has authority to supervise notice to potential class members in order to "ensure that it is timely, accurate, and informative." Hall v. U.S. Cargo & Courier Serv., LLC, 299 F. Supp. 3d 888, 894–95 (S.D. Ohio 2018) (quoting Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989)). The Court must also "avoid[] communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." Swigart, 276 F.R.D. at 214 (citing Hoffman-La Roche, 493 U.S. at 168–69).

**A.     Section 1: Introduction**

Defendants request the inclusion of a sentence at the end of the Introduction Section stating: "This is not a Court-Order; you may choose whether to participate in this lawsuit as a Plaintiff." (Doc. No. 38 at 3.) The Court agrees with Plaintiffs that this sentence is unnecessary to accurately inform potential class members of this action, given that the Notice is indeed clearly labeled "Notice," the Introduction Section—absent Defendants' proposed addition—does not suggest that the Notice is a Court Order, there is a specific Section explaining that there is no legal effect in not joining the suit, and the Notice concludes by stating, "**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.**" (Doc. No. 39-3 at 2, 4, 5.) Defendants' request will be denied.

**B.     Section 2: Description of the Lawsuit**

Defendants argue that Plaintiffs' description of their claims is too one-sided, and they offer language that does not include a description of how the alleged FLSA violations occurred or reference to the damages sought by Plaintiffs. (Doc. No. 38 at 4.) The Court finds Plaintiffs' proposed "compromise" description of their claims to be an accurate and non-coercive statement

4

of their case. (See Doc. No. 39-3 at 2–3.) The Court also finds it appropriate that the Description of the Lawsuit Section, in order to accurately inform potential class members, include a description of the damages sought. See Elmy v. Western Express, Inc., No. 3:17-cv-01199, 2019 WL 6715115, at *1 (M.D. Tenn. Dec. 10, 2019) (approving reference to "unpaid wages and liquidated damages" in first sentence of notice). Plaintiffs' description of the damages sought is accurate (see Doc. No. 32 ¶ 102), and informs potential class members that this lawsuit "is currently in the early pretrial stage." (Doc. No. 39-3 at 3.) Accordingly, this Section of Plaintiffs' proposed Notice will be approved.

### C.     Section 5: Effect of Joining this Suit

Defendants propose altering the first sentence of the first paragraph of Section 5 to omit that potential class members "cannot be required to pay Defendants' costs or attorneys' fees whether Plaintiffs win or lose this suit." (Doc. No. 38 at 5.) This is a neutral, informative statement of the law. See Hammond, 2020 WL 6459641, at *19 ("The defendant is simply incorrect that opt-in plaintiffs may be hit with costs and attorney's fees . . . ."). Thus, it is reasonable to include in the Notice.

Defendants also request that the first paragraph of this Section, regarding the discovery process, be revised to describe the discovery process in more burdensome detail. (Doc. No. 38 at 5.) The Court finds Plaintiffs' proposed language sufficient to inform potential class members that they may be required to participate in the discovery process. (See Doc. No. 39-3 at 4); Hammond, 2020 WL 6459641, at *18–19 (approving similar language regarding discovery).

Finally, in their proposed revisions to the first paragraph, Defendants include a statement that filing a Consent Form on behalf of a potential opt-in plaintiff "does not guarantee" that individual's participation in this suit, "as this may depend upon a filing [sic] ruling from the

5

District Court that you and the named Plaintiffs are similarly situated under federal law." (Doc. No. 38 at 5.) The Court finds this apparent reference to the possibility of decertification unnecessary considering the very first sentence of the Introduction Section, which informs recipients that they "*potentially* are 'similarly situated' to the named Plaintiffs." (Doc. No. 39-3 at 2 (emphasis added)). Further, Defendants' proposed statement may improperly discourage potential class members from opting into the lawsuit. See McKinstry v. Developmental Essential Servs., No. 2:16-cv-12565, 2017 WL 815666, at *3 (E.D. Mich. Mar. 2, 2017) (citations omitted) (rejecting proposed language that "may deter an employee from participating").

For all of these reasons, Section 5 of Plaintiffs' proposed Notice will be approved.

### D.    Section 6: No Legal Effect in Not Joining

Defendants request to omit this Section as "redundant," given that it "restates the negative" of the previous Section. (Doc. No. 38 at 5.) The Court finds Section 6 accurate and informative, so Defendants' request will be denied. See Evans, 2017 WL 2212977, at *6 (approving notice that "describe[d] the legal effects of joining *and not joining* the suit") (emphasis added).

### E.    Consent Form

Defendants request overhauling the Consent Form to add language clarifying "that recipients have the option to join the suit," "the scope of their participation to the extent they do so," "the identity of Plaintiffs' counsel," and "the effect of any resolution to the case." (Doc. No. 38 at 5–6.) As Plaintiffs argue, however, these matters are addressed in the Notice. (Doc. No. 39 at 9.) Plaintiffs' proposed Consent Form (Doc. No. 35-2) serves its necessary purpose—authorizing participation in this suit and informing interested recipients that they must return the Form for filing with the Court by a certain date. More is not required. See Evans, 2017 WL 2212977, at *6 (approving consent form "provid[ing] that those class members interested in

6

participating must return the Form to plaintiffs' counsel, within a specified period of time, for it to be filed with the court").

**III. Conclusion**

For these reasons, the Court will conditionally certify this matter as a collective action and approve Plaintiffs' proposed Notice (Doc. No. 39-3) and Consent Form (Doc. No. 35-2). Defendants shall provide Plaintiffs' counsel with the requested information regarding potential class members within 14 days, and distribution of the Notice and Consent Form shall conform to the undisputed parameters set out in Plaintiffs' Motion.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE